**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-80022-CR-CANNON/Reinhart**

**UNITED STATES OF AMERICA**

**v.**

**JOSE GOYOS,**

      **Defendant.**

_____/

## COURT'S FINAL INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go into the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

**Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way either by sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The superseding indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendants' guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give either to direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all of the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness. Evidence that a Defendant was previously convicted of a crime is not evidence of guilt of the alleged crimes in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Testimony of Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a codefendant in exchange for their testimony.  Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the codefendants would normally face.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

**Similar Acts Evidence**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the superseding indictment.  This evidence is admitted and may be considered by you only for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the superseding indictment and whether the Defendant committed the acts charged in the superseding indictment by accident or mistake.  In addition, as I stated earlier on page 6, you may use the evidence to decide whether you believe the Defendant's testimony.

**Introduction to Offenses Instruction**

The superseding indictment charges 5 separate crimes, called "counts" against the Defendant. Each count has a number. You will be given a copy of the superseding indictment to refer to during your deliberations. The superseding indictment has been redacted to remove reference to crimes that Mr. Goyos is not accused of, and you should not consider the redactions in your deliberations.

Count 1 charges the Defendant with knowingly and willfully conspiring with others to commit health care fraud and wire fraud.

Count 14 charges the Defendant with knowingly and willfully conspiring with others to commit money laundering.

Counts 4, 5, and 6 charge that Defendant committed or aided and abetted in committing what are called "substantive offenses."

Counts 4, 5, and 6 charge that Defendant committed health care fraud.

I will explain the law governing those substantive offenses in a moment. But first note that the Defendant is not charged in Counts 1 and 14 with committing substantive offenses—he is charged with conspiring to commit that offense. I will also give you specific instructions on conspiracy.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the superseding indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**Caution: Punishment**

Each count of the superseding indictment charges a separate crime against the Defendant. You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the superseding indictment.  You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Now, some of the people who may have been involved in these events are not on trial. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.  Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.  Also, remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. Your job is to decide if the government has proved this Defendant guilty beyond a reasonable doubt.

**On or About; Knowingly; Willfully – Generally**

You will see that the superseding indictment charges that a crime was committed "on or about" a certain date.  The Government does not have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

**Deliberate Ignorance as Proof of Knowledge**

If a Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed—unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge"—which is the equivalent of knowledge—occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains a controlled substance so he or she can deny knowledge of the package's contents.

So, you may find that a Defendant knew about a material fact if you determine beyond a reasonable doubt that the Defendant (1) actually knew about the material fact, or (2) had every reason to know but closed his eyes to the material fact.

But I must emphasize that negligence, carelessness, or foolishness is not enough to prove that the Defendant knew about the possession of the controlled substance.

**Good-Faith Defense**

"Good faith" is a complete defense to a charge that requires intent to defraud.  A defendant is not required to prove good faith.  The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent—even if the opinion or belief is mistaken.  Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed does not constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

**Multiple Objects of a Conspiracy**

In this case, regarding the alleged conspiracy charged in Count 1, the superseding indictment charges that the Defendant conspired to commit health care fraud <u>and</u> to commit wire fraud.

Regarding the alleged conspiracy charged in Count 14, the superseding indictment charges that the Defendant conspired to commit money laundering by concealment <u>and</u> to commit money laundering through engaging in financial transactions of greater than $10,000 using funds from unlawful activity.

In other words, in each of these counts, the Defendant is charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit <u>both</u> crimes.  It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those crimes.  But to return a verdict of guilty, you must all agree on <u>which</u> of the two crimes the Defendant conspired to commit.

### Conspiracy to Commit Health Care Fraud and Wire Fraud
### 18 U.S.C. § 1349

Count 1 charges the Defendant with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349.

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of health care fraud or wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all of the following facts are proved beyond a reasonable doubt:

    (1)  two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit health care fraud and wire fraud, as charged in the superseding indictment; and

    (2)  the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all of the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people

17

and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

**Wire Fraud**
**18 U.S.C. § 1343**

One of the objects of the conspiracy charged in Count 1 is conspiracy to commit wire fraud.

It is a Federal crime to use interstate wire, radio, or television communications to carry out a

scheme to defraud someone else.

A Defendant can be found guilty of this crime only if all the following facts are proved

beyond a reasonable doubt:

(1)     the Defendant knowingly devised or participated in a scheme to defraud Medicare
         using false or fraudulent pretenses, representations, or promises;
(2)     the false pretenses, representations, or promises were about a material fact;
(3)     the Defendant acted with the intent to defraud; and
(4)     the Defendant transmitted or caused to be transmitted by wire some communication
         in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat

someone out of money or property by using false or fraudulent pretenses, representations, or

promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the

speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent

to defraud.  A statement or representation may be "false" or "fraudulent" when it is a half-truth, or

effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether

to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence

a person's decision.  It does not matter whether the decision-maker actually relied on the statement

or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use

false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent

to deceive alone, without the intent to cause loss or injury to Medicare, is not sufficient to prove intent to defraud.

The Government does not have to prove all of the details alleged in the superseding indictment about the precise nature and purpose of the scheme. It also does not have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**Health Care Fraud**
**18 U.S.C. § 1347**

One of the objects of the conspiracy charged in Count 1 is conspiracy to commit health care fraud.  The Defendant also is charged separately in Counts 4, 5, and 6 with the substantive crimes of committing health care fraud, in violation of 18 U.S.C. § 1347.

It is a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises.

A Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

(1)  the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program by using false or fraudulent pretenses, representations, or promises;

(2)  the health care benefit program affected interstate commerce;

(3)  the false or fraudulent pretenses, representations, or promises related to a material fact;

(4)  the Defendant acted willfully and intended to defraud; and

(5)  the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity that is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

A health care program affects interstate commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another.  The Government need only prove that the health care program itself either engaged in interstate

commerce or that its activity affected interstate commerce to any degree.  The Government need not prove that the Defendant engaged in interstate commerce or that the acts of the Defendant affected interstate commerce.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud.  A statement or representation may be "false" or "fraudulent" when it is a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to do something with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

You may find the defendant guilty or not guilty of health care fraud regardless as to whether you find that the conspiracy involved the payment or receipt of kickbacks.  However, the payment or receipt of kickbacks, alone, is insufficient to establish health care fraud without someone making a knowing false or fraudulent representation to Medicare.

The Government does not have to prove all of the details alleged in the superseding

indictment about the precise nature and purpose of the scheme.  The Government also does not have to prove that the alleged scheme actually succeeded in defrauding anyone.  What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the superseding indictment.

## Money Laundering Conspiracy
## 18 U.S.C. § 1956(h)

Count 14 charges the Defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  Count 14 charges the Defendant with a conspiracy to commit two different types of money laundering, by concealment and through engaging in financial transactions of greater than $10,000 using funds from unlawful activity.

It is a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Sections 1956(a)(1)(B)(i) or 1957.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this money laundering conspiracy only if all the following facts are proven beyond a reasonable doubt:

(1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956(a)(l)(B)(i) or 1957; and

(2) the defendant knew about the plan's unlawful purpose and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and voluntarily joined in the plan on at least one occasion—that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

## Money Laundering: Concealing Proceeds of Specified Unlawful Activity
## 18 U.S.C. § 1956(a)(l)(B)(i)

It is a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proven beyond a reasonable doubt:

(1) the defendant knowingly conducted or tried to conduct financial transactions;

(2) the defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

(3) the money or property did come from an unlawful activity, specifically conspiracy to commit health care fraud or wire fraud, health care fraud, or receipt of kickbacks in connection with a Federal health care program; and

(4) the defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property.  A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

A "financial transaction" means—a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

26

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The phrase "specified unlawful activity" means conspiracy to commit health care fraud; health care fraud; and wire fraud.

Finally, to find a defendant guilty beyond a reasonable doubt of money laundering by concealing proceeds of specified unlawful activity, there must be evidence of something more than a simple transfer of funds between two accounts, each bearing the parties' correct name.  There must be some evidence that the funds are more concealed after the transaction is completed than before.

**Money Laundering**
**18 U.S.C. § 1957**

It is a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

A Defendant can be found guilty of this offense only if all the following are proven beyond a reasonable doubt;

(1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3) the property had a value of more than $10,000;

(4) the property was in fact proceeds of conspiracy to commit health care fraud or wire fraud or health care fraud; and

(5) the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument, by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means an insured or commercial bank.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It does not matter whether the Defendant knew the precise nature of the crime or that the property came from committing conspiracy to commit health care fraud, health care fraud, and wire fraud.  But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also, it does not matter whether all the property involved was derived from a crime.  The Government only has to prove that $10,000 worth of the property was obtained or derived from

28

committing a crime.

## *Pinkerton* Instruction
### *Pinkerton v. United States*, 328 U.S. 640 (1946)

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So, regarding Counts 4, 5, and 6, if you have first found the Defendant guilty of the crime of conspiracy to commit health care fraud as charged in Count 1, you may also find the Defendant guilty of health care fraud as charged in Counts 4, 5, and 6 even though the Defendant did not personally participate in the crime.  To do so, you must find beyond a reasonable doubt:

(1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) it was reasonably foreseeable that a conspirator would commit the crime as a consequence of the conspiracy.

**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of others requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**Medicare Civil Rules and Regulations**

During this trial, you have heard evidence regarding Medicare's civil rules and regulations. I caution you that a violation of civil statutes, rules, regulations, or ethical standards is not a crime. This is not a civil case.  The Defendant is not on trial for a civil violation.  Even if you find that Defendant violated the applicable civil statutes, rules, or regulations, the Defendant cannot be convicted of a crime merely for breaching civil standards, rules, contracts, regulations, or ethical standards applicable to his or her conduct.  However, Medicare's rules and regulations, ethical standards, and standards of care may be relevant in determining whether the Defendant acted with criminal intent, that is, knowingly, willfully, and with the intent to defraud Medicare.  You are reminded that the government must prove each element of the offense charged beyond a reasonable doubt.

**Properly Formed and Sincerely Held Clinical Judgments of Medical Professionals**

A properly formed and sincerely held clinical judgment is not untrue even if a different physician later contends that the judgment is wrong.   In determining whether a medical professional formed a proper and sincere clinical judgment, you may consider whether the medical professional's decision was procured through false or fraudulent pretenses, representations, or promises about a material fact.

**Note-taking**

You have been permitted to take notes during the trial.  Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So, you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.  I will explain it to you in just a moment.

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The court security officer will bring it to me, and I will respond as promptly as possible—either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.